SHEDD, Circuit Judge,
dissenting:
Liberty Commons must comply with 42 C.F.R. § 483.25(h), which provides: “Accidents. The facility must ensure that ... (2) each resident receives adequate supervision and assistance devices to prevent accidents.” In interpreting this regulation, the DAB has held a facility is not subject to strict liability but a reasonableness standard, requiring that a facility take all “reasonable steps to respond to the residents’ need for supervision.” Woodstock Care Ctr. v. Healthcare Fin. Admin., DAB No. 1726 (May 30, 2000).*
Liberty Commons claims that it met the DAB’s reasonableness standard by responding to Resident #2’s (“the Resident”) continued elopements by increasing remedial measures to prevent future elopements. The last of these remedial measures involved the covering of door lock override switches with paper, a step taken to prevent the Resident from operating the switches to unlock exit doors by diverting her attention. After Liberty Commons covered the switches with paper, *48 the Resident did not elope for a period of approximately six weeks.
Under the DAB’s interpretation of § 488.25(h), Liberty Commons’ actions should have been analyzed for reasonableness. The agency, however, failed to do so. The state surveyor who inspected Liberty Commons’ facility testified that she did not evaluate the reasonableness of the paper covers because the resident “was still getting out of the facility. It was a non-issue.” JA. 259. Likewise, the ALJ did not address this remedial measure. Only the DAB did so, and its analysis failed to comply with its own announced standards.
The DAB found that Liberty Commons’ response was not “reasonable and effective” because it ultimately failed to keep the Resident from eloping. However, the DAB never analyzed the reasonableness of Liberty Commons’ remedial steps but focused its discussion solely on their effectiveness. In other words, the DAB failed to consider the possibility that a facility can take appropriate, reasonable steps to prevent accidents which in the end prove ineffective. Thus, the DAB engaged in no reasonableness analysis at all but simply an effectiveness analysis. Such an analysis for “effectiveness” is simply an application of strict liability, in violation of the DAB’s standards.
Because there is some evidence in the record indicating that Liberty Commons acted reasonably to prevent the Resident’s elopements, I would vacate and remand for further consideration using a proper reasonableness analysis.

 The DAB also interprets the regulation to mean that "a facility is not required to do the impossible or be a guarantor against unforeseeable occurrences, but is required to do everything in its power to prevent accidents.” Koester Pavilion v. Healthcare Fin. Admin., DAB No. 1750 (Oct. 18, 2000). Clearly, though, the DAB does not apply this interpretation literally. Doing so would result in a violation in every case because some further step to prevent accidents is always available.